IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re | ) | CIV. NO. 06-00412 SOM/BMK |
| | ) | CIV. NO. 06-00540 SOM/BMK |
| GOOTNICK FAMILY TRUST, | ) | CIV. No. 07-00042 SOM/BMK |
| | ) | |
| Debtor, | ) | (Consolidated Cases) |
| _____ | ) | |
| GOOTNICK FAMILY TRUST; WING | ) | (Bankr. Case No. 06-00052) |
| CHIU NG; and ERIC AARON | ) | |
| LIGHTER, | ) | |
| | ) | ORDER AFFIRMING BANKRUPTCY |
| Appellants, | ) | COURT ORDERS RELATING TO THE |
| | ) | SANCTIONING OF WING NG AND |
| vs. | ) | ERIC AARON LIGHTER FOR THEIR |
| | ) | BAD FAITH CONDUCT; ORDER |
| OFFICE OF THE U.S. TRUSTEE, | ) | DISMISSING APPEALS PERTAINING |
| IRWIN GOOTNICK; and SUSAN | ) | TO THE DISMISSAL OF THE |
| GOOTNICK, | ) | UNDERLYING BANKRUPTCY |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

ORDER AFFIRMING BANKRUPTCY COURT ORDERS RELATING TO THE
SANCTIONING OF WING NG AND ERIC AARON LIGHTER FOR THEIR BAD FAITH
CONDUCT; ORDER DISMISSING APPEALS PERTAINING
TO THE DISMISSAL OF THE UNDERLYING BANKRUPTCY

I.      INTRODUCTION.

        The Gootnick Family Trust filed a Chapter 7 bankruptcy

proceeding.  Although control of the trust was being litigated in

California, Eric Aaron Lighter represented to the Bankruptcy

Court that he was the trustee of the Gootnick Family Trust,

indicating that he had the power to make decisions on behalf of

the trust.  It appears that Lighter hired Wing Ng, Esq., as the

trust's attorney to file its Chapter 7 bankruptcy petition.

After the Bankruptcy Court dismissed the Chapter 7 petition and

after the appeal of that order was filed with this court, the

California dispute regarding control of the trust and other issues was settled.  Because Lighter no longer controls the Gootnick Family Trust, and because Ng is no longer its attorney, neither Lighter nor Ng has any basis for contesting the dismissal of the underlying bankruptcy petition.  Irwin and Susan Gootnick now control the Gootnick Family Trust, and their position is that the dismissal of the Chapter 7 petition was entirely proper. This court therefore deems the Gootnick Family Trust to have abandoned any appeal of the Bankruptcy Court orders pertaining to the dismissal of its bankruptcy petition.  The court dismisses the appeals pertaining to the dismissal of the bankruptcy petition.

Lighter and Ng also appeal the Bankruptcy Court's order sanctioning them for having filed the underlying bankruptcy petition in bad faith.  Although Lighter and Ng would like to have this court examine whether the Gootnicks committed tax fraud and calculate the tax liabilities of the Gootnick Family Trust, those issues are irrelevant to the Bankruptcy Court's determination that the underlying bankruptcy petition was filed solely to obstruct the California litigation.  As Lighter and Ng demonstrate no error by the Bankruptcy Court, its rulings are affirmed.

II.        <u>BACKGROUND.</u>

On May 18, 2005, Susan and Irwin Gootnick, as
individuals, and Susan Gootnick, as a trustee of the Gootnick
Family Trust, filed a civil lawsuit in the Superior Court of the
State of California for the County of San Francisco.  <u>See</u>
Verified Complaint, Case No. CGC 05441419.  This complaint
alleged that Eric Aaron Lighter, as an individual and as the
person who formed and controlled Honolulu Rail & Development,
Ltd. ("HRD"), and Credit Bureau International, Inc. ("CBI"),
sought to steal assets of the Gootnick Family Trust.  The civil
complaint alleged that Lighter and the business entities he
controlled improperly encumbered property owned by the Gootnick
Family Trust.  The civil complaint sought to cancel all written
instruments and sought to quiet title to the property.  <u>Id.</u>  The
California civil case was settled in early February 2007.  <u>See</u>
Stipulation re Settlement, Civ. No. 05-02782-SI (Feb. 6, 2007).
At the hearing on these appeals, Lighter and Ng indicated that,
as a result of the settlement, control of the Gootnick Family
Trust was returned to the Gootnicks, meaning that Lighter had no
further position in or control over the trust and that Ng was no
longer its attorney.

In these consolidated appeals, Lighter denies the
improper conduct alleged in the California civil case and claims
that the Gootnicks wanted to sell their entities to Lighter out

of fear of the IRS.  <u>See</u> Appellants' Opening Brief.  Both Lighter

and Ng claim that the Gootnicks had participated in a tax fraud

scheme.[1]  <u>Id.</u>

On July 7, 2005, the state court complaint was removed

to the United States District Court for the Northern District of

California.  <u>See</u> Notice of Removal, Civil No. 05-02787-SI.  That

same day, Lighter, HRD, and CBI filed a motion to dismiss for

lack of personal jurisdiction.  On August 2, 2005, Lighter, HRD,

and CBI filed a motion to change venue to the United States

District Court for the District of Hawaii.  These motions were

denied by United States District Judge Susan Illston on November

16, 2005.  <u>See</u> Order Denying Defendants' Motions to Dismiss or

Transfer Venue, Civil No. 05-02787 SI.

On December 9, 2005, an entity called Quality Income

Systems, Inc. ("QIS"), filed a petition for Chapter 11 bankruptcy

in the United States Bankruptcy Court for the District of Hawaii.

---

[1]On April 12, 2007, Eric Aaron Lighter was indicted in
the United States District Court for the Northern District of
California.  <u>See</u> Superseding Indictment, <u>United States v. Samuel
S. Fung, et al.</u>, Cr. No. 05-00215JW.  Among other things, Lighter
was indicted for conspiracy to commit wire fraud based on the
conduct underlying the civil case filed in California.  <u>Id.</u>,
Count Seventy-Two.  Lighter was also indicted for conspiracy to
blackmail and for witness tampering based on allegations that he
pressured Irwin Gootnick to testify falsely in a pending criminal
case and convinced Irwin Gootnick to dismiss the civil case by
threatening to report Irwin Gootnick to the IRS for various tax
crimes.  <u>Id.</u>, Counts Eighty-One to Eighty-Seven.  Although the
court takes judicial notice of the existence of the Superseding
Indictment, the court does not rely on any of its allegations in
affirming the Bankruptcy Court orders.

See <u>In re. Quality Income Systems, Inc.</u>, Bank. Petition 05-50023.

QIS stated in filings with the court that it was also known as

the Gootnick Family Trust and was represented by Ng.  <u>See</u> Notice

of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadline,

Bank. Petition 05-50023 (Dec. 15, 2005).

On January 3, 2006, QIS and Super Teaching Corporation,

as trustees of the Gootnick Family Trust and represented by Ng,

filed an adversary proceeding against Irwin and Susan Gootnick.

<u>See</u> <u>In re. Quality Income Systems, Inc. (Quality Income Systems,</u>

<u>Inc., et al. v. Gootnick, et al.)</u>, Adv. P. 06-90001.  On January

23, 2006, the Office of the United States Trustee moved to

dismiss QIS's bankruptcy petition, arguing that there was no

entity to reorganize and that the timing of the petition

suggested that it was brought in bad faith to delay the

California civil case.  At a hearing held on February 21, 2006,

the Bankruptcy Court orally dismissed QIS's bankruptcy petition

and dismissed the adversary proceeding as moot.  The Bankruptcy

Court found that the bankruptcy had been filed in bad faith.  The

Bankruptcy Court determined that the matter was between Irwin and

Susan Gootnick on the one hand, and Lighter and entities

controlled by Lighter on the other.  Given the filing of QIS's

bankruptcy petition shortly after Judge Illston denied the motion

to transfer venue in the California civil case, Bankruptcy Judge

Faris determined that the purpose of QIS's bankruptcy petition

was to transfer litigation from California to Hawaii.  <u>See</u>
Transcript of Proceedings (Feb. 21, 2006).

On February 15, 2006, shortly before the hearing on the
motion to dismiss QIS's bankruptcy petition, the Gootnick Family
Trust, represented by Ng, filed the underlying Chapter 7
bankruptcy petition.  In filings with the Bankruptcy Court,
Lighter claimed to be the trustee of the Gootnick Family Trust.
<u>See, e.g.,</u> Chapter 7 Voluntary Petition (Feb. 15, 2006).  On
February 21, 2006, the Gootnick Family Trust, represented by Ng,
filed a Notice of Bankruptcy Petition in the California Civil
Case.  On March 29, 2006, Lighter, HRD, and CBI filed a letter
brief in the California civil case, arguing that the California
civil case should be stayed, given the filing of the Gootnick
Family Trust bankruptcy petition.  On April 14, 2006, Judge
Illston denied that motion for stay because the Gootnick Family
Trust would not be affected by the California civil case--the
Gootnick Family Trust was not a defendant in the action and the
case basically involved Lighter's alleged bad faith business
dealings with the Gootnicks.  <u>See</u> Order Denying Defendants'
Motion for Stay, Civ. No. 05-02787 SI (Apr. 13, 2006).

Upon learning that Judge Illston had denied the motion
to stay the California civil case, the Gootnick Family Trust
(represented by Ng), filed a motion to stay the California civil
case in the underlying bankruptcy case.  <u>See</u> Ex Parte Motion to

Honor Stay, Case No. 06-00052 (Apr. 17, 2006).  A hearing was held on this motion on May 17, 2006.  At that hearing, Bankruptcy Judge Faris orally denied the motion, stating that the issue of who controlled the Gootnick Family Trust was not a matter subject to the automatic stay because ownership of the Gootnick Family Trust was not one of the trust's assets.  See Transcript of Proceedings (May 17, 2006).  At that hearing, Bankruptcy Judge Faris questioned whether he could or should revisit the issue already decided by Judge Illston, but noted that she had properly determined that the automatic stay did not stay the California civil case.  Id.  The formal order denying the motion to honor stay was entered on June 1, 2006.  See Order Denying Ex Parte Motion to Honor Stay (June 1, 2006).  The Gootnick Family Trust and Lighter have appealed the order to this court.  See Notice of Appeal, Civ. 06-00412 SOM/BMK.  This appeal, of course, is moot in light of the February 2007 dismissal of the California civil case.  See Stipulation re Settlement, Civ. No. 05-02782-SI (Feb. 6, 2007).

On April 27, 2006, the Office of the United States Trustee filed a motion to dismiss the Gootnick Family Trust's Chapter 7 bankruptcy petition.  A hearing on the motion was held on June 14, 2006.  At that hearing, Bankruptcy Judge Faris determined that the petition had been filed for the sole purpose of obstructing the California civil case.  He concluded that the

Chapter 7 proceeding was an attempt to invoke an automatic stay that was not applicable.  Bankruptcy Judge Faris also noted that the Gootnick Family Trust was not eligible for a Chapter 7 discharge.  He determined that, to the extent taxes were owed by the debtor, the taxing authorities could enforce their claims outside of the Bankruptcy Court.  Because there was no legitimate bankruptcy purpose supporting the Gootnick Family Trust's bankruptcy petition, Bankruptcy Judge Faris dismissed the petition.  See Transcript of Proceedings (June 14, 2006).  A formal order dismissing the Gootnick Family Trust's Chapter 7 bankruptcy petition was filed June 26, 2006.  See Order Dismissing Case (June 26, 2006).  The Gootnick Family Trust and Lighter have appealed this order to this court.  See Notice of Appeal (July 10, 2006) filed as Civil No. 06-00412 SOM/BMK.

Because Lighter no longer controls the Gootnick Family Trust, he lacks standing to appeal the dismissal.  Because the Gootnick Family Trust is now controlled by the Gootnicks, and because the Gootnicks have asked this court to affirm the dismissal, the court concludes that the Gootnick Family Trust has abandoned any appeal.  Accordingly, the appeal of the order dismissing the underlying bankruptcy is dismissed.

On May 15, 2006, the Office of the United States Trustee moved to sanction Ng and Lighter pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure and Section 105(a) of

8

the Bankruptcy Code, on the ground that the Gootnick Family Trust bankruptcy petition was filed in bad faith.  A hearing was held on the motion for sanctions on June 14, 2006.  At that hearing, Bankruptcy Judge Faris sanctioned Ng under Rule 9011 and the court's inherent powers and sanctioned Lighter under the court's inherent powers.  <u>See</u> Transcript of Proceedings (June 14, 2006). A formal order sanctioning Ng and Lighter was filed June 26, 2006.  <u>See</u> Order Granting Motion for Sanctions (June 26, 2006). The Gootnick Family Trust, Ng, and Lighter have appealed this order to this court.  <u>See</u> Notice of Appeal (July 10, 2006) filed as Civil No. 06-00412 SOM/BMK.  Because the Bankruptcy Court did not abuse its discretion in sanctioning Lighter and Ng, that order is affirmed.

On May 22, 2006, the Gootnick Family Trust, through its attorney, Ng, filed a countermotion to the Office of the United States Trustee's motion for sanctions.  This countermotion sought to have Curtis Ching, counsel of the Office of the United States Trustee, disqualified, claiming that Ching was biased against Lighter.  A hearing was held on the countermotion on June 14, 2006.  At that hearing, Bankruptcy Judge Faris denied the countermotion, ruling that there was no basis for disqualifying Ching, an adversary to Lighter and to the entity Lighter claimed to control, the Gootnick Family Trust.  <u>See</u> Transcript of Proceedings (June 14, 2006).  A formal order denying the

countermotion was filed June 26, 2006.  <u>See</u> Order Denying
Debtor's Counter Motion to Disqualify U.S. Trustee Attorney (June
26, 2006).  The Gootnick Family Trust and Lighter have appealed
this order to this court.  <u>See</u> Notice of Appeal (July 10, 2006)
filed as Civil No. 06-00412 SOM/BMK.  Even assuming that the
motion could be deemed to have been made by Lighter, rather than
the trust, the Bankruptcy Court correctly determined that the
alleged bias provided no reason for disqualifying Ching.
Moreover, whether Ching should have been disqualified is
irrelevant to whether Lighter and Ng filed the underlying
bankruptcy petition in bad faith.  Accordingly, the order denying
the countermotion is affirmed.

On March 17, 2006, the Gootnick Family Trust,
represented by Ng, filed a motion to transfer its bankruptcy
proceeding to the Northern District of California.  <u>See</u> Debtor's
Motion to Transfer Case.  A hearing was held on the motion on
June 14, 2006.  At that hearing, Bankruptcy Judge Faris denied
the motion to transfer as moot, as he had orally dismissed the
Petition.  <u>See</u> Transcript of Proceedings (June 14, 2006).  A
formal order denying the motion to transfer was filed June 26,
2006.  <u>See</u> Order Denying Debtor's Motion to Transfer Case (June
26, 2006).  The Gootnick Family Trust and Lighter have appealed
the order to this court.  <u>See</u> Notice of Appeal (July 10, 2006)
filed as Civil No. 06-00412 SOM/BMK.  No party with standing

10

before this court is still seeking reversal of this order.  In
any event, the Bankruptcy Court correctly determined the motion
was moot.

On August 24, 2006, Bankruptcy Judge Faris determined
the amount of sanctions owed by Ng and Lighter.  He jointly and
severally sanctioned them $36,777.31.  <u>See</u> Order Granting Motion
for Sanctions (Aug. 24, 2006).  On September 1, 2006, the
Gootnick Family Trust, Ng, and Lighter appealed this order.  <u>See</u>
Notice of Appeal, Civ. No. 06-00540 SOM/BMK.  Because the
Bankruptcy Judge did not abuse his discretion in sanctioning
Lighter and Ng, that order is affirmed.

On July 5, 2006, the Gootnick Family Trust and Ng filed
a motion to stay the sanction order pending the determination of
the appeal of that order.  On July 5, 2006, Lighter joined in
that motion.  A hearing on the motion to stay the sanction order
was held on August 24, 2006.  Bankruptcy Judge Faris denied the
motion on September 15, 2006.  On October 12, 2006, the Gootnick
Family Trust, Ng, and Lighter appealed.  <u>See</u> Notice of Appeal,
Civ. No. 07-00042 SOM/BMK.  This appeal is moot because this
court, on January 22, 2007, stayed the sanction order pending the
determination of these consolidated appeals.

III.     <u>ANALYSIS.</u>

On March 21, 2007, the Gootnick Family Trust, Ng, and
Lighter filed their opening brief in these consolidated cases.

11

This opening brief is confusing, rambling, and largely irrelevant.

> A.   The Appeal of the Dismissal of the Underlying Bankruptcy Petition is Dismissed.

As part of the settlement of the California litigation, control of the Gootnick Family Trust was given to the Gootnicks. Because Lighter no longer controls the Gootnick Family Trust, he lacks standing to maintain the appeal of the dismissal of the underlying bankruptcy. As noted above, control of the trust has been given to the Gootnicks, and the Gootnicks support the dismissal of the bankruptcy petition. In short, the Gootnick Family Trust has abandoned the appeal. The court dismisses the appeal of the Bankruptcy Court order that dismissed the underlying bankruptcy petition.

> B.   The Bankruptcy Court Did Not Abuse its Discretion in Sanctioning Lighter and Ng for Their Bad-Faith Conduct.

Lighter and Ng appeal the Bankruptcy Court order that imposed sanctions on them pursuant to Rule 9011 and the court's inherent power. Bankruptcy Judge Faris expressly determined that Lighter and Ng had caused the Gootnick Family Trust to file the underlying bankruptcy petition in bad faith. The Bankruptcy Court's sanction order is affirmed, as the Bankruptcy Court did not abuse its discretion in issuing sanctions against Lighter and Ng for their bad faith conduct. See In re Hercules Enterprises, Inc., 387 F.3d 1024, 1027 (9th Cir. 2004) ("We review the

12

bankruptcy court's award of sanctions, including an award of attorneys' fees, for an abuse of discretion."); In re Rainbow Magazine, Inc., 77 F.3d 278, 283 (9th Cir. 1996) ("We review an award of sanctions under an abuse of discretion standard.").  A bankruptcy court abuses its discretion when it applies an erroneous view of law or a clearly erroneous assessment of evidence.  See In re An-Tze Cheng, 308 B.R. 448, 452 (B.A.P. 9th Cir. 2004); accord Gerling Global Reinsurance Corp. of Am. v. Low, 240 F.3d 739, 743 (9th Cir. 2001) ("A district court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.").

To determine whether the Bankruptcy Judge abused his discretion in sanctioning Lighter and Ng, this court must first examine his finding that they filed the bankruptcy petition in bad faith.  This bad faith finding is reviewed under the clearly erroneous standard.  In re Leavitt, 171 F.3d 1219, 1222-23 (9th Cir. 1999) ("We also review the bankruptcy court's finding of bad faith for clear error . . . ."); accord In re Kimura (United States v. Battley), 969 F.2d 806, 810 (9th Cir. 1992) ("The court reviews the bankruptcy court's findings of fact under the clearly erroneous standard and its conclusions of law de novo."); In re Marquam Inv. Corp., 942 F.2d 1462, 1465 (9th Cir. 1991) (same).

Lighter and Ng fail to demonstrate that the Bankruptcy Judge clearly erred in finding that they filed the underlying

13

bankruptcy petition in bad faith.  In other words, the Bankruptcy Court did not clearly err in determining that the underlying bankruptcy petition had been filed solely to obstruct the civil litigation in California.  That finding was justified by the timing of the filing of the underlying bankruptcy case, the bad faith QIS bankruptcy filing, the multiple attempts to stay the California civil case when the automatic stay provisions were clearly inapplicable, the filing of an adversary proceeding raising the issues being litigated in the California civil case, and the lack of a legitimate bankruptcy purpose.

        Much of the opening brief is devoted to discussing the alleged tax fraud committed by the Gootnicks, as well as the alleged tax liabilities of the Gootnick Family Trust.  Those issues, however, are irrelevant to the Bankruptcy Court's finding that the underlying bankruptcy was filed in bad faith to obstruct the California civil case.  The Bankruptcy Judge correctly concluded that the tax liabilities did not justify the filing of the bankruptcy petition, and that the taxing authorities could resolve those potential tax liabilities without the Bankruptcy Court's involvement.  See, e.g., N.L.R.B. v. Better Bldg. Supply Corp., 837 F.2d 377, 378-79 (9th Cir. 1988) ("Partnerships and corporations may not discharge their debts in a liquidation proceeding under Chapter 7 of the Code."); 26 U.S.C. §§ 6301-6204 (governing the collection of taxes); 26 U.S.C. § 6672 ("Any

person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.").

The court is also unpersuaded by Lighter's and Ng's argument that the finding of bad faith should not have been based on their unsuccessful attempts to stay the California civil case. Lighter's and Ng's lack of success in staying the California civil case is irrelevant to their subjective bad-faith motivation in filing the underlying bankruptcy petition, and Bankruptcy Judge Faris was examining the merits of their actions, not their lack of success.

Nor is the court persuaded by Lighter's and Ng's argument that they are being sanctioned for blowing the whistle on the Gootnicks for improper conduct.  This claim is unsupported by the record.  At the June 14, 2006, hearing, Judge Faris stated: "With regard to the sanctions, I'm not penalizing anybody for blowing the whistle on improper conduct.  If there was any improper conduct, that -- that needs to be looked into.  I'm not saying there was or there wasn't, but that is not what this is

15

about.  I am imposing sanctions for improperly filing a bankruptcy case for the sole purpose of obstructing litigation in another court."  <u>See</u> Transcript of Proceeding (June 14, 2006) at 15.

The Bankruptcy Court appears to have sanctioned Ng under Rule 9011 of the Federal Rules of Bankruptcy Procedure and under the court's inherent power.  Lighter, however, only appears to have been sanctioned under the court's inherent power.  To the extent Lighter and Ng may be challenging the Bankruptcy Court's authority to sanction them, that challenge is unpersuasive. Under Rule 9011, courts may impose sanctions for either a frivolous filing or a filing that is made for an improper purpose.  <u>See</u> <u>In re Marsch</u>, 36 F.3d 825, 829 (9th Cir. 1994) ("either frivolousness or improper purpose may serve as a basis for sanctions").  Because the court found that Ng, in his capacity as the Gootnick Family Trust's attorney, had filed the bankruptcy petition in bad faith for the improper purpose of trying to obstruct the California civil case, Rule 9011 authorized the imposition of sanctions on Ng.  <u>See</u> Rule 9011(c).

The Bankruptcy Court also possessed the inherent power to sanction Lighter and Ng for "bad faith" or "willful misconduct," even in the absence of express statutory authority to do so.  <u>See</u> <u>In re Dyer,</u> 322 F.3d 1178, 1196 (9th Cir. 2003); <u>In re Rainbow Magazine</u>, 77 F.3d at 284 ("There can be little

16

doubt that bankruptcy courts have the inherent power to sanction vexatious conduct presented before the court."). This inherent sanction authority allows a bankruptcy court to deter and provide compensation for a broad range of improper litigation tactics, although it does not allow the court to impose punitive sanctions. In re Dyer, 322 F.3d at 1196-97 (citing Fink v. Gomez, 239 F.3d 989, 992-93 (9th Cir. 2001)). Before imposing sanctions under its inherent sanctioning authority, a bankruptcy court must make an explicit finding of bad faith or willful misconduct. In re Dyer, 322 F.3d at 1196; accord Chambers v. NASCO, Inc., 501 U.S. 32, 33 (1991) (courts have the inherent power to sanction a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons"). Because the Bankruptcy Court expressly found that Lighter and Ng had acted in bad faith for the improper purpose of attempting to obstruct the California civil case, the court possessed the inherent power to sanction them.

This court reviews a challenge to the amount of sanctions under the abuse of discretion standard. See In re Marsch, 36 F.3d 825, 831 (9th Cir. 1994) (reviewing the amount of a sanction award issued by a bankruptcy court under the abuse of discretion standard). Here, the sanction award was properly calculated to remedy the misconduct on the part of Lighter and Ng. "A restitutionary award compensating the opposing party for

17

unnecessary litigation expenses--as opposed to a punitive fine paid to the court--is a particularly appropriate sanction in cases involving manipulative petitions filed principally for purposes of delay and harassment." Id.

The court is unpersuaded by Lighter's and Ng's argument that, because three attorneys were opposing them, the sanction award was unreasonable as constituting "triple-billing." Each of those attorney's fees and expenses resulted solely from bad-faith conduct by Lighter and Ng. Although Lighter and Ng complain about the amount of time spent by Enver Painter in the underlying bankruptcy, as well as his hourly rate, they have not shown that the Bankruptcy Court abused its discretion in determining that the time Painter spent in response to the bad-faith filing was reasonable and necessary or that his rate was reasonable and within the customary rate for attorneys of his experience in the community. Nor have Lighter and Ng shown that the Bankruptcy Court abused its discretion in determining that the requested fees were "substantiated" by the Declaration of Enver W. Painter, Jr. (Aug. 4, 2006), the Declaration of Richard J. Nelson (Aug. 7, 2006), and the Declaration of Curtis Ching (May 15, 2006).[2]

---

[2]The court is not persuaded that, just because Nelson did not list a conversation with Painter in his bills, Painter should not be compensated for that conversation. Painter declared under penalty of perjury that his bills were true and correct, indicating that the conversations did, in fact, occur. Nor is the court persuaded by Appellants' argument that Painter's secretary is charging $250 per hour. Painter's bill indicates

18

Given the filing of multiple bad-faith bankruptcies of entities controlled by Lighter filed by Ng in his capacity as an attorney, and given the multiple unjustified attempts to stay the California civil case, the Bankruptcy Court did not abuse its discretion in determining the amount of the sanction award.  The amount awarded was an amount properly calculated to deter repetition of the bad faith conduct.

Lighter and Ng complain that the Bankruptcy Court failed to let them withdraw the petition before imposing sanctions under Rule 9011.  This Due Process argument is without merit, as it arises from a misreading of the rule.  Rule 9011 states that a "motion for sanctions may not be filed with or presented to the court unless . . . the challenged paper, claim . . . is not withdrawn or appropriately corrected."  However, Rule 9011 further states that "this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b)," which includes the filing of a petition "for any improper purpose."

Ng and Lighter also claim that the sanctions were unreasonable because the opposing parties failed to mitigate their damages.  They say that several months of litigation occurred before the motion to dismiss was filed and argue that

---

that he had discussions with "Yolanda" about research. Accordingly, Painter is billing for his time discussing that research, not for "Yolanda's" time.

the motion to dismiss should have been filed immediately.  The
court is unpersuaded by these arguments and determines that the
Bankruptcy Court did not abuse its discretion by awarding fees
incurred over multiple months.  Judge Illston did not rule on the
motion to stay the California civil case until April 14, 2006,
and Bankruptcy Judge Faris did not rule on the motion to stay in
the underlying bankruptcy proceeding until May 17, 2006.  Under
these circumstances, there was no improper delay in seeking the
dismissal of the underlying bankruptcy proceeding.

> C.   Whether the Gootnicks Should Have Been Referred to
>      the United States Attorney under 18 U.S.C. § 3057
>      is Irrelevant to Issues in These Consolidated
>      Appeals.

Lighter and Ng argue that the Bankruptcy Court should
have referred the Gootnicks to the United States attorney for the
tax fraud they allegedly committed, a referral they say was
required under 18 U.S.C. § 3057, which generally requires such a
referral when a judge has reasonable grounds to believe that
there has been a violation of 18 U.S.C. §§ 151-157 (pertaining to
improper conduct in bankruptcy court) or other laws relating to
insolvent debtors.  The court has examined the information
presented by Lighter and Ng regarding the Gootnicks' alleged tax
fraud.  Although evidence of that alleged fraud may be clear to
Lighter and Ng, its is far from clear to this court.
Accordingly, the Magistrate Judge did not err in failing to find
a "reasonable ground" for such a referral.

Even assuming that the Bankruptcy Court should have made such a referral, that issue is irrelevant to whether the underlying bankruptcy petition should have been dismissed and sanctions imposed.  Moreover, Lighter and Ng have failed to demonstrate that they have standing to ask this court or the Bankruptcy Court to make such a referral.

        D.   <u>There was No Improper Bias Against Appellants.</u>

Lighter argues that counsel for the Office of the United States Trustee and counsel for the Gootnicks were improperly biased against him because of previous lawsuits.  This argument is meritless, as there is no requirement that opposing counsel be unbiased against a person.  More importantly, the underlying bankruptcy petition was dismissed because it had been filed in bad faith.  This bad-faith determination would have been made regardless of the attorneys' personal feelings about Lighter or anyone else, as it was made by a neutral judge.  This argument is therefore irrelevant to any of the orders on appeal before this court.

        E.   <u>The Order Denying the Motion to Transfer Case is Affirmed.</u>

Lighter lacks standing to appeal the denial of the motion to transfer the underlying bankruptcy petition to California, as he no longer controls the Gootnick Family Trust. To the extent the appeal can be said to have been filed by the Gootnick Family Trust, any such appeal was abandoned when the

Gootnicks regained control of the trust.  In any event, Bankruptcy Judge Faris correctly concluded that the motion to transfer the case was moot, given the dismissal of the bankruptcy petition.

> F.   The Gootnicks' Request for Fees on Appeal is
>      Granted in Part and Denied in Part.

The Gootnicks have requested that this court further sanction Ng and Lighter for their "frivolous" appeal.  The court grants that request in part and denies it in part.  To the extent Lighter and Ng have challenged the amount of the sanctions imposed on them, their appeals are not frivolous.  However, to the extent Lighter and Ng appeal the Bankruptcy Court's finding of bad faith and the subsequent dismissal and sanction orders, the appeals are frivolous and taken in bad faith.  Lighter and Ng are unnecessarily and unreasonably multiplying the proceedings in the court system.  Because there was no valid legal or factual basis for these appeals, the court awards the Gootnicks reasonable attorneys' fees for having to oppose these frivolous appeals.  These sanctions are authorized by Rule 9011 of the Federal Rules of Bankruptcy Procedure and the court's inherent power, and, with respect to Ng, further authorized by § 1927. See Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1364 (9th Cir. 1994) (ruling that a district court has authority to sanction under Rule 9011 when the district court is reviewing a bankruptcy court's order and noting that a district court

"presumably" has the inherent power to issue such a sanction); <u>In re Eisen</u>, 14 F.3d 469, 471 (9th Cir. 1994) (awarding sanctions against counsel under 28 U.S.C. § 1927 because an appeal of a finding of bad faith findings multiplied proceedings "unreasonably and vexatiously.").

IV.     <u>CONCLUSION.</u>

        For the foregoing reasons, the appeals are either dismissed or the underlying orders are affirmed, as set forth above.  The Clerk of Court is directed to send a copy of this order to the Bankruptcy Court and to close these consolidated cases.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, May 17, 2007.



                              _Susan Oki Mollway_
                              Susan Oki Mollway
                              United States District Judge

<u>In re Gootnick Family Trust</u>, Civil No. 06-00412 SOM-BMK, Civil No. 06-00540 SOM-BMK, Civil No. 07-00042 SOM-BMK; ORDER AFFIRMING BANKRUPTCY COURT ORDERS RELATING TO THE SANCTIONING OF WING NG AND ERIC AARON LIGHTER FOR THEIR BAD FAITH CONDUCT; ORDER DISMISSING APPEALS PERTAINING TO THE DISMISSAL OF THE UNDERLYING BANKRUPTCY