IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE: ) | CIV. NO. 06-00412 SOM-BMK |
| ) | CIV. NO. 06-00540 SOM-BMK |
| GOOTNICK FAMILY TRUST, ) | CIV. NO. 06-00042 SOM-BMK |
| ) | |
| Debtor, ) | (Bankr. Case No. 06-00052) |
| _____ ) | |
| ) | REPORT OF THE SPECIAL |
| GOOTNICK FAMILY TRUST; ) | MASTER REGARDING |
| WING CHIU NG; and ERIC ) | APPELLEES' MOTION FOR |
| AARON LIGHTER, ) | DETERMINATION OF |
| ) | ATTORNEYS' FEES AND COSTS |
| Appellants, ) | |
| ) | |
| vs. ) | |
| ) | |
| OFFICE OF THE U.S. TRUSTEE, ) | |
| IRWIN GOOTNICK; and SUSAN ) | |
| GOOTNICK, ) | |
| ) | |
| Appellees. ) | |
| _____ ) | |

REPORT OF THE SPECIAL MASTER REGARDING APPELLEES' MOTION
FOR DETERMINATION OF ATTORNEYS' FEES AND COSTS

On May 17, 2007, Appellees Irwin and Susan Gootnick ("Appellees") filed a Motion for Determination of Attorneys' Fees and Costs on Appeal ("Motion"). Appellees' Motion has been designated to this Court as Special Master. Appellees request attorneys' fees in the amount of $28,750 and costs in the amount of $322.28. After careful consideration of the motion, the supporting

and opposing memoranda, and the attached documentation, the Special Master FINDS AND RECOMMENDS that Appellees be awarded attorneys' fees in the amount of **$25,231.25**, and costs in the amount of **$241.71**.

## **BACKGROUND AND PROCEDURAL HISTORY**

On May 18, 2005, Appellees filed a complaint in California state court against Appellant Eric Lighter. In response to the complaint, Appellant Eric Lighter and his attorney, Wing Ng, (hereinafter "Appellants") filed a petition for relief on January 3, 2006, in the United States Bankruptcy Court for the District of Hawaii on behalf of the entity Quality Income Systems, Inc. When it became evident that the petition would not succeed, Appellants filed another petition for relief on February 15, 2006, on behalf of the Gootnick Family Trust ("GFT"). The Bankruptcy Court subsequently dismissed the GFT petition as having been filed in bad faith and granted Appellees' motions for sanctions.

On September 1, 2006, Appellants appealed the Bankruptcy Court's decisions to this Court. On May 7, 2007, this Court upheld the Bankruptcy Court's factual finding of bad faith, dismissal of GFT petition, and award of sanctions. This Court also ruled that Appellees were entitled to reasonable attorneys' fees and costs incurred because Appellants' appeals were mostly frivolous and they unreasonably multiplied the proceedings in court.

## **DISCUSSION**

A district court has authority to sanction under Rule 9011 of the Federal Rules of Bankruptcy Procedure when the district court is reviewing a bankruptcy court's order. See Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1364 (9th Cir. 1994). Sanctions may consist of an order directing payment of some or all of the reasonable attorneys' fees and other expenses incurred. Fed. R. Bankr. P. 9011(c)(2). In addition, costs shall be taxed against the losing party on an appeal. Fed. R. Bankr. P. 8014.

I.  ATTORNEYS' FEES

A determination of reasonable attorneys' fees begins with "the number of hours reasonably expended multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

   A.  Reasonable Hourly Rate

A reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984). In determining a reasonable hourly rate, the Court must consider "'the experience, skill, and reputation of the attorney requesting fees.'" Welch v. Metro. Life Ins. Co., 480 F.3d 942, 946 (9th Cir. 2007) (quoting Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986)). The fee applicant "has the burden

of producing satisfactory evidence, in addition to the affidavits of its counsel," to show that the rates are reflective of reasonable prevailing rates for similar services. Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

Here, Appellees request the rate of $250/hour for Enver W. Painter, Jr. Mr. Painter contends that his rate is reasonable because he has 28 years of experience in Hawaii. (Appellees' Mot., Painter Decl. 2.) Appellants do not oppose this rate. The Special Master FINDS, based on the supporting declaration submitted by Appellees, that $250/hour is a reasonable rate for an attorney of Mr. Painter's skill and experience, and RECOMMENDS that Mr. Painter be awarded a rate of $250/hour.

B.    Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees must demonstrate that the fees are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993). Fee petitions should include descriptions of the work performed by each attorney and paralegal, broken down by hours expended on each task and organized by litigation phase. L.R. 54.3(d). In order to guard against awarding fees and costs which are excessive, "the hours reported by counsel may be reduced 'if the hours expended are deemed excessive or otherwise

unnecessary,'" Doe v. Keala, 361 F. Supp. 2d 1171, 1184 (D. Haw. 2005) (quoting Chalmers, 796 F.2d at 1210).

Here, Appellees request that they be awarded fees for 115 hours of work by Mr. Painter.[1] All time entries are broken down by litigation phase and contain descriptions of services rendered. Although Appellants do not challenge the reasonableness of Appellees' fees, the Special Master FINDS that the 56.3 hours billed for work relating to Opening and Answering Briefs is excessive. The Special Master RECOMMENDS that the amount of hours spent on Opening and Answering Briefs be reduced by 25%.

Accordingly, the Special Master RECOMMENDS that Appellees be awarded $250/hour for 100.925[2] hours of work by Mr. Painter. This yields a base fee award of **$25,231.25**.[3]

II.   COSTS AND OTHER EXPENSES

Appellees also seek a total of $322.28 in costs, representing $3.23 in telephone charges and $319.05 in copying charges. These costs were not

---

[1] The fees requested consist of 31.6 hours for Pre-Briefing, 56.3 hours for Opening and Answering Briefs, 9.9 hours for Reply Brief and Oral Argument, and 17.2 hours for Post-Ruling.

[2] 56.3 hours x 25% = 14.075 hours
    115 hours - 14.075 hours = 100.925 hours

[3] $250/hour x 100.925 hours = $25,231.25

supported by an attached invoice in accordance with L.R. 54.2(c).[4]  Although Appellants do not oppose the costs, the Special Master RECOMMENDS that 25% of the costs be deducted for failing to follow the Local Rules.  This 25% reduction yields an award of costs of **$241.71**.[5]

## CONCLUSION

For the foregoing reasons, the Special Master FINDS and RECOMMENDS that Appellees be awarded attorneys' fees in the amount of **$25,231.25**, and costs in the amount of **$241.71**.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: July 30, 2007

In re Gootnick Family Trust, Civ. No. 06-00412 SOM-BMK, Civ. No. 06-00540 SOM-BMK, Civ. No. 07-00042 SOM-BMK; REPORT OF THE SPECIAL MASTER REGARDING APPELLEES' MOTION FOR DETERMINATION OF ATTORNEYS' FEES AND COSTS

---

[4] Local Rule 54.2(c) requires any vouchers, bills, or other documents supporting the costs being requested to be attached as exhibits.

[5] $322.28 x 75% = $241.71