IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re | ) | Civ. No. 06-00412 SOM/BMK |
| | ) | Civ. No. 06-00540 SOM/BMK |
| GOOTNICK FAMILY TRUST, | ) | Civ. No. 07-00042 SOM/BMK |
| | ) | |
| Debtor, | ) | (Consolidated Cases) |
| | ) | |
| _____ | ) | (Bankr. Case No. 06-00052) |
| | ) | |
| GOOTNICK FAMILY TRUST; WING | ) | ORDER ADOPTING THE JULY 30, |
| CHIU NG; and ERIC AARON | ) | 2007, REPORT OF SPECIAL |
| LIGHTER | ) | MASTER ON THE APPELLEES' |
| Appellants, | ) | MOTION FOR DETERMINATION OF |
| | ) | ATTORNEYS' FEES AND COSTS |
| vs. | ) | |
| | ) | |
| OFFICE OF THE U.S. TRUSTEE, | ) | |
| IRWIN GOOTNICK; and SUSAN | ) | |
| GOOTNICK, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

ORDER ADOPTING THE JULY 30, 2007, REPORT OF SPECIAL MASTER ON THE APPELLEES' MOTION FOR DETERMINATION OF ATTORNEYS' FEES AND COSTS

I.      INTRODUCTION.

These consolidated appeals involve a frivolous bankruptcy filing by Eric Aaron Lighter and his attorney, Wing Chiu Ng.  Lighter and Ng appealed to this court Bankruptcy Judge Robert J. Faris's dismissal of the underlying bankruptcy and an award of sanctions against them.  On May 17, 2007, this court issued an order affirming Bankruptcy Judge Faris.  See Order Affirming Bankruptcy Court Orders Relating to the Sanctioning of

Ng and Lighter For Bad Faith Conduct (May 17, 2007). That order also determined that,

> [T]o the extent Lighter and Ng appeal the Bankruptcy Court's finding of bad faith and the subsequent dismissal and sanction orders, the appeals are frivolous and taken in bad faith. Lighter and Ng are unnecessarily and unreasonably multiplying the proceedings in the court system. Because there was no valid legal or factual basis for these appeals, the court awards the Gootnicks reasonable attorneys' fees for having to oppose these frivolous appeals. These sanctions are authorized by Rule 9011 of the Federal Rules of Bankruptcy Procedure and the court's inherent power, and, with respect to Ng, further authorized by § 1927. See Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1364 (9th Cir. 1994) (ruling that a district court has authority to sanction under Rule 9011 when the district court is reviewing a bankruptcy court's order and noting that a district court "presumably" has the inherent power to issue such a sanction); In re Eisen, 14 F.3d 469, 471 (9th Cir. 1994) (awarding sanctions against counsel under 28 U.S.C. § 1927 because an appeal of a finding of bad faith findings multiplied proceedings "unreasonably and vexatiously.").

Id. at 22-23. Ng has appealed this order to the Ninth Circuit Court of Appeals. See Notice of Appeal (June 14, 2007).

Appellees then filed a motion for determination of attorneys' fees and costs of the appeal. See Appellee's Motion for Determination of Attorney's Fees and Costs on Appeal (May 17, 2007). On July 30, 2007, Magistrate Judge Barry M. Kurren found and recommended that the court award to Irwin and Susan Gootnick $25,231.25 in attorneys' fees and $241.71 in costs. See Report

of the Special Master Regarding Appellees' Motion for Determination of Attorneys' Fees and Costs (July 30, 2007).

On August 16, 2007, Ng filed objections to Magistrate Judge Kurren's report of special master that found and recommended that the Gootnicks be awarded $25,231.25 in fees and $241.71 in costs.

The court now adopts the July 30, 2007, Report of Special Master as the order of this court.

II.     LEGAL STANDARD.

The court reviews de novo all objections to findings of fact and conclusions of law made or recommended by a special master. See Fed. R. Civ. P. 53(g) (noting that "[t]he court must decide de novo all objections to findings of fact made or recommended by a master" and that "[t]he court must decide de novo all objections to conclusions of law made or recommended by a master"); LR 74.2 ("[a] district judge shall make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made").

In acting on a special master's report, the court "may receive evidence, and may:  adopt or affirm; modify; wholly or partly reject or reverse; or resubmit to the master with instructions."  See Fed. R. Civ. P. 53(g)(1); LR 74.2 (noting that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

3

magistrate judge" and "may exercise discretion to receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions").

III.     ANALYSIS.

On August 16, 2007, Ng filed an objection to the July 31, 2007, report of special master that found and recommended that the Gootnicks be awarded $25,231.25 in attorneys' fees and $241.71 in costs.  For the most part, Ng does not object to how Magistrate Judge Kurren calculated these amounts or whether the Gootnicks are entitled to an award of reasonable costs.  Instead, Ng's so-called objections are almost entirely to this court's May 17, 2007, order that found that these appeals to be frivolous and determined that the Gootnicks are entitled to their reasonable attorneys' fees.  This court lacks jurisdiction to reconsider that determination, as Ng filed a Notice of Appeal on June 14, 2007.  Even if Ng's objections could be construed as a motion to reconsider the award of attorneys' fees under Rule 60(b) of the Federal Rules of Civil Procedure, the filing of the Notice of Appeal divested this court of jurisdiction to rule on such a motion.  See Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir. 1984).

Ng's objection to the report of the special master can hardly be characterized as a challenge to the calculation of attorneys' fees and costs.  At best, Ng claims that it was

4

"unreasonable" for Appellee to have spent 31.6 hours in the "Pre Briefing Phase."  Ng offers no evidence or discussion of why that amount of time was "unreasonable."  This court has reviewed Enver Painter's May 17, 2007, declaration and, on de novo review, determines that the time he spent on the "Pre Briefing Phase" was reasonable in light of the multiple issues involved in these consolidated appeals.  The court notes that, in the Report of Special Master, Magistrate Judge Kurren examined the time spent by Painter on these appeals, determining that some of his time was excessive and reducing that amount of time by 14.075 hours.  Given that reduction, the court determines that the remaining hours spent by Painter on these consolidated appeals, as detailed in his May 17, 2007, declaration, are reasonable.

      For the reasons set forth in Magistrate Judge Kurren's July 31, 2007, Report of Special Master, which this court adopts and incorporates herein, the court awards the Gootnicks $25,231.25 in attorneys' fees and $241.71 in costs.

V.      CONCLUSION.

      For the foregoing reasons, the court adopts the July 31, 2007, Report of Special Master and sanctions Ng and Lighter

5

$25,231.25.  The court awards that amount to the Gootnicks, as well as their costs in the amount of $241.71.  Ng and Lighter shall be jointly and severally liable to the Gootnicks for these amounts.

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawaii, August 28, 2007.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

In re Gootnick Family Trust, Civ. No. 06-00412 SOM/BMK, Civ. No. 06-00540 SOM/BMK, Civ. No. 07-00042 SOM/BMK; ORDER ADOPTING THE JULY 30, 2007, REPORT OF SPECIAL MASTER ON THE APPELLEES' MOTION FOR DETERMINATION OF ATTORNEYS' FEES AND COSTS